LORAIN STEEL CO. v. BARBOUR-STOCKWELL CO.

(Circuit Court of Appeals, First Circuit.   January 19, 1900.)

No. 749.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—RAILWAY SWITCH.

The Moxham patent, No. 539,878, for railway switch work, embodying a single center piece with hardened surfaces to be connected with the rails by a separate body of cast metal, discloses patentable invention of some degree of merit, but must be limited to the particular construction described.   As so construed, *held* not infringed.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

Appeal from the Circuit Court of the United States for the District of Massachusetts.

Thomas W. Bakewell (Charles MacVeagh and George H. Parmelee, on the brief), for appellant.

Richard P. Elliott and Benjamin Phillips, for appellee.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

ALDRICH, District Judge.   This case, as presented to us, involves two questions, that of the validity of the Moxham patent, No. 539,-878, and that of its infringement by the defendant.   The result reached by the Circuit Court was against the defendant upon both points; but the conclusion upon the first point, that in respect to invention, seems to have been reached upon hesitation and with doubt, because it said in respect to it that, if there be some invention in the patent, it should be limited closely to the structure shown.   Our conclusion involves a disagreement with the court below only upon the single point of invention.   We think the idea of a switch structure embodying a single center piece with hardened surfaces calculated to resist at all points the frictional contact of car wheels crossing from one track to another, to be connected with the rails by a separate body of cast metal, thus presenting a solid one-piece structure, involves a new idea of some considerable value, and that the particular arrangement described for uniting and securing the structural connection between the hardened center piece and the rails through a scheme for a shrinkage grip under the cooling process of a separate body of molten metal poured into the mould which surrounds the center plate and rail ends, thus firmly uniting the whole together without the external fastenings of bolts and plates, taken in connection with the idea of presenting a solid center piece with a hardened surface, involved invention of some degree of merit, and as such entitled to protection commensurate with the degree of the actual invention involved.

Perhaps the case is not especially strong upon the proposition of commercial success, but the idea of the center piece was an original one, in the sense of its setting in such a place and for such a purpose and under such an arrangement; and the construction as a whole was

sufficiently described in the claims and specification to entitle the patentee, we think, to have it stand as a valid invention.

Speaking generally, we do not find the particular idea or the particular arrangement of patent No. 539,878 in the prior art, nor do we find it present in the earlier Moxham patent, No. 536,734, which was passed upon by the Circuit Court of Appeals for the Sixth Circuit in Johnson v. Toledo Traction Co., 119 Fed. 885, 56 C. C. A. 415. Still, in view of the general state of the art and that hardened center pieces had been used under various conditions of attachment and security, the invention should be limited, as is usual under such circumstances in patents for improvements, to the particular construction and adaptation described, and as such is only entitled to protection in respect to the uses of which the particular arrangement is capable. But as a device and to such extent we think it is entitled to that status in the field of invention.

Aside from this view, and notwithstanding it, we agree with the result reached below that the bill should be dismissed. The defendant's arrangement for securing the center piece was quite different from that of the patent in question, at least so different that it cannot reasonably be said to be within the rule of equivalents which should be applied to a situation involving a narrow invention of somewhat limited merit. The defendant's alleged infringing device is a construction which employs a scheme for solidly uniting or connecting through casting the body part around the rail sections under mechanial conditions which form a pocket in the top of the body part into which, after the casting or body is expanded through moderate heating, and, after the hardened center plate is in its place, shims are inserted between it and the ends of the rails, under such conditions that in cooling the plate is securely gripped and held, under conditions, however, which permit its removal without breaking up the general structural arrangement, while the later Moxham scheme of the patent in suit contemplates a single solid integral structure involving, of course, the rails and the center piece.

The later Moxham patent, the one in question, has for its leading idea a unitary structure, which comprises a cast-iron body and a hardened center piece permanently united and imbedded under the hold of cooling molten metal, the center piece, under such conditions of permanency, to have a hardened surface sufficient to adequately resist frictional wear, all to the end that the frog or track at the point of crossing shall have a duration of life equal to that of the rail.

We are not concerned, in this connection, with the question whether it was an entirely practical or successful device; but it is the idea and the method of accomplishing it which distinguishes the patent in suit, we think, from the prior art and that of the earlier Moxham patent, and which, at the same time and for the same reasons, distinguishes the structure and the method used by the defendant from the patent against which infringement is claimed.

There are various differences in the structural details of railway frogs, including those in respect to size and shape, and, in particular, there are differences in respect to size and shape of center pieces; but

in view of the discussion of the elements of the various structures in the older art and those of the different Moxham patents, as set forth in Johnson Co. v. Toledo Co., 119 Fed. 885, 56 C. C. A. 415, and in Steel Co. v. New York Switch & Crossing Co. (C. C.) 124 Fed. 548, and the differences of the structural details of the patent in suit and of the alleged infringing structure, as explained by Judge Lowell in that part of his opinion which deals with the question of infringement, we have no occasion, we think, to go further than to say that we agree with the reasoning and conclusions of Judge Lowell upon this part of the case, and that the structure and methods used by the defendant are so materially different from those described in the complainant's patent in question as to put them wholly outside of the range of equivalents properly applicable to a situation like this. Consequently, the general result reached here, that the bill should be dismissed, is the same as that reached in the court below.

The decree of the Circuit Court is affirmed, with costs.